UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHRONDREY ARRINGTON,

    Plaintiff,

v.

Case No. 22-cv-12766
Hon. Matthew F. Leitman

MAZEN, *et al.*,

    Defendants.
_____/

### ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT (ECF No. 1) WITHOUT PREJUDICE

On November 15, 2022, Plaintiff Shrondrey Arrington filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) At the time he filed the complaint, Arrington was incarcerated at the Genesee County Jail in Flint, Michigan. On November 17, 2022, Magistrate Judge David R. Grand issued an order requiring Arrington to provide a current and certified computerized trust fund statement of account so that the Court could determine whether Arrington should be permitted to proceed without the prepayment of fees and costs in this action. (*See* Order, ECF No. 3). The order was mailed to Arrington at the Genesee County Jail in Flint, Michigan at the address Arrington provided, and it was subsequently returned to the Court as undeliverable. (*See* ECF No. 5.)

1

Under Local Rule 11.2, a plaintiff has the obligation to provide the Court current contact information. The rule also authorizes the Court to dismiss a case for failure to comply with that obligation. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

The return of the Court's November 17 order as undeliverable indicates that Arrington has failed to comply with Local Rule 11.2 by informing the Court of his current mailing address. This is not a mere technical violation of the rules. Without a current address, the Court has no way of administering this civil action. Nor has Arrington contacted the Court, submitted a current and certified computerized trust fund statement of account as directed, or taken any other action to prosecute this case. The Court therefore concludes that dismissal of Arrington's Complaint is appropriate. *See, e.g., See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Alam v. Carvajal*, 2020 WL 4583837, at *2 (E.D. Mich. Aug. 10, 2020) (explaining that plaintiff's case was "subject to dismissal" due

2

to plaintiff's failure to comply with Local Rule 11.2 by providing an updated mailing address).

Accordingly, for all of the reasons stated above, and because Arrington has failed to comply with Local Rule 11.2 by updating his current address, **IT IS HEREBY ORDERED** that Arrington's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. The Court further concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126